LBG/JLU: USAO 2020R00675

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** 8:20-cr-00374-PWG |
| | * | |
| **v.** | * | **(Production of Child Pornography,** |
| | * | **18 U.S.C. § 2251(a); Distribution of** |
| **BRIAN ANTHONY GILBERT,** | * | **Child Pornography, 18 U.S.C.** |
| | * | **§ 2252A(a)(2); Possession of Child** |
| **Defendant** | * | **Pornography, 18 U.S.C.** |
| | * | **§ 2252A(a)(5)(B); Forfeiture, 18 U.S.C.** |
| | * | **§ 2253, 21 U.S.C. § 853(p), 28 U.S.C.** |
| | * | **§ 2461(c))** |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about December 28, 2018, in the District of Maryland and elsewhere, the

defendant,

**BRIAN ANTHONY GILBERT,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in

any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a

visual depiction of such conduct, and the visual depiction was produced and transmitted using

materials that have been mailed, shipped, and transported in and affecting interstate and foreign

commerce by any means, including by computer.

18 U.S.C. § 2251(a)

## COUNT TWO
**(Production of Child Pornography)**

The Grand Jury for the District of Maryland further charges that:

Between on or about June 12, 2020 and September 10, 2020, in the District of Maryland and elsewhere, the defendant,

**BRIAN ANTHONY GILBERT,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT THREE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about August 25, 2020 and September 10, 2020, in the District of Maryland and elsewhere, the defendant,

### BRIAN ANTHONY GILBERT,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT FOUR
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about August 28, 2020 and September 10, 2020, in the District of Maryland and elsewhere, the defendant,

## BRIAN ANTHONY GILBERT,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT FIVE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about August 29, 2020, in the District of Maryland and elsewhere, the defendant,

### BRIAN ANTHONY GILBERT,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2251(a)

5

## COUNT SIX
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about January 3, 2019 and September 10, 2020, in the District of Maryland and elsewhere, the defendant,

### BRIAN ANTHONY GILBERT,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 2, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and knowing and having reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

6

## COUNT SEVEN
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about August 26, 2020, in the District of Maryland and elsewhere, the defendant,

### BRIAN ANTHONY GILBERT,

did knowingly distribute child pornography and materials that contain child pornography, as defined in 18 U.S.C. § 2256(8), that had been, using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(2) and (b)(1)

7

## COUNT EIGHT
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about August 29, 2020, in the District of Maryland and elsewhere, the defendant,

**BRIAN ANTHONY GILBERT,**

did knowingly distribute child pornography and materials that contain child pornography, as

defined in 18 U.S.C. § 2256(8), that had been, using any means and facility of interstate and

foreign commerce, shipped and transported in and affecting interstate and foreign commerce by

any means, including by computer.


18 U.S.C. § 2252A(a)(2) and (b)(1)

8

## COUNT NINE
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about September 11, 2020, in the District of Maryland and elsewhere, the

defendant,

## BRIAN ANTHONY GILBERT,

did knowingly possess any material that contained an image of child pornography, as defined in

18 U.S.C. § 2256(8), including an image of child pornography involving a prepubescent minor

and a minor who had not attained 12 years of age, which had been mailed, shipped, and

transported using any means and facility of interstate and foreign commerce and in and affecting

interstate and foreign commerce by any means, including by computer, and which was produced

using materials that had been mailed, shipped, and transported in and affecting interstate and

foreign commerce by any means, including by computer.


18 U.S.C. § 2252A(a)(5)(B) and (b)(2)

9

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253 as a result of the Defendant's conviction under Counts One through Nine of this Indictment.

2.     Pursuant to 18 U.S.C. § 2253, upon conviction of the offenses set forth in Counts One through Nine of this Indictment, in violation of 18 U.S.C. §§ 2251 and 2252A, the Defendant,

### BRIAN ANTHONY GILBERT,

shall forfeit to the United States:

a.     Any visual depiction described in 18 U.S.C. §§ 2251 or 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b.     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3.     The property to be forfeited includes, but is not limited to the following electronic device seized form the Defendant's residence during execution of a search and seizure warrant on September 11, 2020:

a.  HP Laptop, Serial Number CND6310DPY;

10

    b.   Black iPhone 5s, IMEI 013852000070820, Serial Number C39LP53TFF9R;

         and

    c.   Samsung Tablet, IMEI 359829060330346.

**Substitute Assets**

4.    If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur /LBG
_____
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date 11/00/2000

11