IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG-20-374 |
| | * | |
| BRIAN ANTHONY GILBERT, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Jonathan F. Lenzner, the Acting United States Attorney for the District of Maryland, and Leah B. Grossi, Assistant United States Attorney for said district, and with the consent of counsel for the Defendant, respectfully submits this Consent Motion to Exclude Time Under the Speedy Trial Act.

1. On November 2, 2020, a nine-count indictment was returned against the Defendant, Brian Anthony Gilbert, for Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B).   ECF No. 1.

2. The Defendant's initial appearance on the indictment was held on November 16, 2020.   ECF No. 5.   At that time, the Defendant consented to detention and was ordered detained pending trial.

3. The Government has provided voluminous discovery to the Defendant's counsel pursuant to a protective order in this case.   The parties have also sat down for an in-person evidence review of the child pornography that the Defendant is charged with producing, distributing, and possessing.

4. The Court has granted two prior Consent Motions to Toll the Speedy Trial Act as to the Defendant. ECF Nos. 16 and 22. On February 10, 2021, the Court granted the Government's second Consent Motion and ordered that the time from February 7, 2021 through March 1, 2021, be excluded in computing the time within which trial must commence. ECF No. 22.

5. On March 1, 2021, the parties and the Court held a status conference in this case. At that status conference, the parties jointly asked the Court for more time to review the discovery and discuss a possible resolution in this case. The Court set in another status conference for May 10, 2021.

6. The Speedy Trial Act provides that the trial of the Defendant shall commence within seventy days "from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1). However, pursuant to 18 U.S.C. § 3161(h)(7)(A), any delay resulting from a continuance is excluded for speedy trial purposes if based on a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

7. The Government and the Defendant agree that it is in their mutual interests to toll the speedy trial clock under 18 U.S.C. § 3161(h)(7). The Government has produced voluminous discovery to the Defendant's counsel in this case. Due to the nature of the case and the challenges caused by the COVID-19 pandemic, the parties would like more time to discuss a possible resolution in this case.

8. Pursuant to 18 U.S.C. § 3161(h)(7), the Government respectfully requests that the time from March 1, 2021 through May 10, 2021 be excluded in computing the time within which trial must commence.

9. The Defendant, through Ms. Elizabeth G. Oyer, consents to this motion.

10. For the foregoing reasons, the ends of justice will be served by excluding the time from March 1, 2021 through May 10, 2021 in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, with the consent of counsel for the Defendant, counsel for the Government requests that the Court exclude all time, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), between March 1, 2021 through May 10, 2021 under the Speedy Trial Act.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney
District of Maryland


By: ___/s/_____
Leah B. Grossi
Assistant United States Attorney
United States Attorney's Office
District of Maryland